The opinion of the court was delivered by
Fenner, J.
On August 17, 1888, the plaintiff and defendant ■entered into a contract concerning the sale of one boat and two' •barges of coal.
It is admitted that under the terms of the contract the sale of the two barges was only to take effect as a completed sale on Monday, August 20. But it is claimed on the part of plaintiff that the contract with reference to the boat was different, and that the sale of the boat was to take effect and did take effect on August 18. On the 19th of August, the boat and barges were all sunk and lost in a cyclone.
The plaintiff sets up no claim on account of the barges, assuming the burden of their loss; but brings this action to recover the price of the'boat of coal.
Defendant contends that there was but one contract covering the boat and the barges and identical in its terms as to both, and that the whole sale was to take effect, as completed, only on Monday, August 20.
This presents a simple issue of facts, involving no question of law whatever. There is no question as to the completeness of the contract between the parties; the issue is as to the terms of the contract. If, as defendant contends, the contract was for a sale to take ■effect as such only on August 20, covering alike the boat and barges, plaintiff would admit that the loss of the boat fell on him, just as he ■ does admit that he must bear the loss of the barges. If, on the ■ other hand, the contract was that the Sale of the boat was to take ■effect on the 18th, the Civil Code would inform the defendant, unmistakably, that the “agreement for the object and the price thereof being complete,” the thing sold was at their risk, “although, the object had not been delivered or the price paid,” the seller not *109 being in default for non-delivery. Rev. O. O. 1909, 2552, 2456, 2457, 2470.
There is no dispute about these elementary principles of law. The question involved in the ease is what were the terms of the contract, as matter of fact.
The dealings between the parties were verbal; their evidence on the subject is contradictory; and the plaintiff carries the burden of proving the case.
The learned judge a quo concluded that the plaintiff had failed and that the weight of the evidence was on the side of defendant.
After a careful study of the record we agree with him.
While we admit that the defendant’s agent intended to make an immediate sale of the boat of coal, to be perfect from the date of designation of the particular boat, we are equally convinced that the defendants did not so understand it. The boat and barges were included in the same contract, and if the plaintiff’s agent intended to make different terms as to the time, when the sale of the boat was to take effect from those as to the sale of the barges, it was bis duty to have stated the difference very clearly so that there should have been no room for misunderstanding. This, his own evidence satisfies us, he failed to do. It was not until the 18th, the day after the contract, when the agent called on the defendants and designated the particular boat and presented the papers for signature, that it was, for the first time, clearly presented to defendants that the agent, considered the sale of the boat as taking effect at that date.
The evidence is clear that at that time, the day before the loss„ the defendants asserted their understanding of their contract and1 repudiated that of the agent.
Contracts are founded on the agreements of parties — not on their-disagreements.
Judgment affirmed.